UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOSHUA JERMAINE DUNSON,      )
                             )
    Petitioner,              )
                             )
v.                           )     CV417-087
                             )
VANCE LAUGHLIN, Warden,      )
                             )
    Respondent.              )

# REPORT AND RECOMMENDATION

Joshua Jermaine Dunson filed a defective 28 U.S.C. § 2254 petition -- he failed to sign it and left a couple of pages blank. Doc. 1 (petition); doc. 4 (Order pointing that out). He also failed to answer Question 18 -- "Timeliness of Petition." Doc. 1 at 13. That was conspicuous because he was convicted of various crimes[1] on April 27, 2009, *id.* at 1, and there was little to suggest that he could surmount 28 U.S.C. § 2244(d)(1)'s one-year limitations clock.

---

[1] "A jury found Joshua Dunson guilty of kidnapping with bodily injury, aggravated child molestation, aggravated anal sodomy, child molestation, enticing a child for indecent purposes, and cruelty to children. Dunson appeal[ed], raising numerous claims of error." *Dunson v. State*, 309 Ga.App. 484, 484 (2011). The Georgia Court of Appeals affirmed. *Id.* Dunson cites no further direct appeal.

The Court gave him another chance. Doc. 4. Dunson has since signed the signature page and answered Question 18, doc. 7, revealing that he exhausted his direct appeal in 2011, *see supra* n. 2, but sought no state habeas relief until September 14, 2015. Doc. 1 at 3. Yet, he

> had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1). That clock is stopped only by the pendency of a properly filed state direct appeal or collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").
>
> Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013).

*Jackson v. McLaughlin*, 2017 WL 1313789 at * 1 (S.D. Ga. Apr. 5, 2017), *adopted*, 2017 WL 1848475 at * 1 (S.D. Ga. May 8, 2017) (rejecting § 2254 petitioner's claim "that he suffers from mental health problems. This is insufficient and Petitioner is not entitled to equitable tolling.").

By waiting until September 14, 2015 to resume moving the ball

from a 2011-finalized appeal, Dunson ran out that one-year clock. In his Question 18 answer, he insists that the clock was stopped in time because he raised new claims in state court "but [they] were not addressed on their merits." Doc. 7 at 1. But he still had to keep the ball rolling (*i.e.,* challenge all merits/non-merits rulings within the state appeal channels, then timely present them to this Court). He failed to do that during the 2011-2015 time period, and that gap was fatal.

Dunson's § 2254 petition therefore must be **DISMISSED WITH PREJUDICE**.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 15th day of June, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA